IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROOFERS' UNIONS WELFARE TRUST FUND, | ) ) ) |
| ROOFERS' LOCAL 11 PENSION FUND, | ) ) |
| ROOFERS' RESERVE FUND, | ) ) |
| THE CHICAGO ROOFERS' APPRENTICESHIP AND TRAINING FUND, | ) ) ) |
| ROOFERS INDUSTRY ADVANCEMENT AND RESEARCH FUND, | ) ) ) |
| PROMOTIONAL AND ORGANIZATIONAL FUND, | ) ) ) |
| JULIE A. RACHAL, as Administrative Manager of the ROOFERS, UNIONS WELFARE TRUST FUND, ROOFERS' LOCAL 11 PENSION FUND, ROOFERS' RESERVE FUND, THE CHICAGO ROOFERS' APPRENTICESHIP AND TRAINING FUND; ROOFERS INDUSTRY ADVANCEMENT AND RESEARCH FUND, PROMOTIONAL AND ORGANIZATIONAL FUND, | ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| W. R. KELSO CO., INC., an Indiana corporation, | ) ) ) ) |
| Defendant. | ) |

CIVIL ACTION
NO. 03C 4641

JUDGE ASPEN

MAGISTRATE SIDNEY I. SCHENKIER

DOCKETED
JUL 0 7 2003

FILED
03 JUL -3 PM 2:13
U.S. DISTRICT COURT

\|/

## COMPLAINT

NOW COME the ROOFERS' UNIONS WELFARE TRUST FUND; ROOFERS' LOCAL 11 PENSION FUND; ROOFERS' RESERVE FUND; THE CHICAGO ROOFERS' APPRENTICE-SHIP AND TRAINING FUND; ROOFERS INDUSTRY ADVANCEMENT AND RESEARCH FUND; and PROMOTIONAL AND ORGANIZATIONAL FUND; and JULIE A. RACHAL, as Administrative Manager of the ROOFERS' UNIONS WELFARE TRUST FUND, ROOFERS' LOCAL 11 PENSION FUND, ROOFERS' RESERVE FUND, THE CHICAGO ROOFERS' APPRENTICESHIP AND TRAINING FUND, ROOFERS INDUSTRY ADVANCEMENT AND RESEARCH FUND, and PROMOTIONAL AND ORGANIZATIONAL FUND, by their attorneys, and for their Complaint against Defendant, W. R. KELSO CO., INC., an Indiana corporation, allege as follows:

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. Sections 1132, 1145 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

2. Plaintiffs are "employee welfare benefit plans," "plans," and "fiduciaries," within the meaning of ERISA, and Plaintiff, JULIE A. RACHAL, is the Administrative Manager of Plaintiff Funds and a fiduciary with respect thereto. Plaintiff Funds are administered within this District.

3. Defendant is an "employer" within the meaning of ERISA, who is obligated to make fringe benefit contributions to Plaintiffs under the terms of the Agreements and Declarations of Trust pursuant to which Plaintiffs are maintained and/or pursuant to the terms of a collective bargaining

2

agreement to which Defendant is a party or is obligated along with United Union of Roofers, Waterproofers and Allied Workers, Local No. 11, Division of the Construction Industry, AFL-CIO.

4. As an Employer obligated to make fringe benefit contributions to Plaintiffs under the Agreements and Declarations of Trust, Defendant is specifically required to do the following:

(a) To submit for each month a report stating the names, Social Security numbers, and number of hours worked in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiffs, or, if no such persons are employed, to submit a report so stating;

(b) To accompany the aforesaid reports with payment of contributions based upon an hourly rate as stated in the applicable Collective Bargaining Agreement or Agreements;

(c) To make all of its payroll books and records available to Plaintiffs for the purpose of auditing the same to verify the accuracy of Defendant's past reporting upon request made by Plaintiffs;

(d) To compensate Plaintiffs Roofers' Unions Welfare Trust Fund, Roofers' Local 11 Pension Fund and Roofers Reserve Fund for the additional administrative costs and burdens imposed by delinquency or untimely payment of contributions by way of the payment of liquidated damages in the amount of fifteen (15%) percent of any and all contributions which are not received by Plaintiffs Roofers' Unions Welfare Trust Fund, Roofers' Local 11 Pension Fund and Roofers Reserve Fund for a particular month prior to the 15th day of the succeeding month and the sum of two hundred and fifty ($250.00) dollars for each monthly report that is submitted late or not at all and interest shall accrue on that amount from the date an Employer becomes delinquent at the rate determined as of January 1 and July 1 of each year and shall be equal to the prime interest rate (as published from time to time in the Money Rates Section of the Wall Street Journal) plus four (4%) percent, compounded monthly, on the total delinquent amount, including Employer contributions, liquidated damages, interest charges, late fees and attorney's fees, audit fees and other collection costs and expenses, until paid;

(e) To compensate Plaintiff National Roofing Industry Pension Fund for the additional administrative costs and burdens imposed by delinquency or untimely payment of contributions by way of payment of liquidated damages in the amount of ten (10%) percent of any and all contributions which are not received by Plaintiff National Roofing Industry Pension Fund for a particular month prior to the 15th day of the succeeding month;

(f) To pay any and all costs incurred by Plaintiffs in auditing Defendant's payroll records should it be determined that Defendant was delinquent in the reporting or submission of any contributions required to be made to Plaintiffs;

(g) To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit its payroll books and records for audit or to recover delinquent contributions;

(h) To furnish to Plaintiffs a bond with good and sufficient surety thereon, in an amount acceptable to Plaintiffs, to cover future contributions due the Plaintiffs;

(i) To attend, when invited, meetings of the Plaintiffs' Delinquency Committee and to pay Plaintiffs an assessment of one thousand ($1,000.00) dollars to compensate the Plaintiffs for the additional administrative costs and other burdens imposed by delinquency or untimely payment of contributions should invited Employers fail to attend Delinquency Committee Meetings of the Plaintiffs.

5. Defendant is delinquent and has breached its obligations to Plaintiffs and its obligations under the Plans in the following respect:

> Defendant has failed and refused to submit all of its reports to Plaintiffs due to date and/or has failed to make payment of all contributions acknowledged by Defendant thereon to be due Plaintiffs. Defendant is, therefore, subject to liquidated damages, as authorized by the Trust Agreements. Plaintiffs have assessed liquidated damages against the Defendant, as authorized by the Trust Agreements, but Defendant has failed and refused to make payment of said liquidated damages.

6 That upon careful review of all records maintained by Plaintiffs, and after application of any and all partial payments made by Defendant, there is a total of at least $32,465.81, known to be due Plaintiffs from Defendant, based upon Defendant's refusal to permit an audit and failure to submit all required reports, and subject further to the possibility that additional contributions and liquidated damages will come due during the pendency of this lawsuit.

7. Plaintiffs have requested that Defendant perform its obligations, but Defendant has refused and failed to so perform.

8. Defendant's continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs pray:

A. That Defendant be enjoined and ordered to submit all delinquent monthly contribution reports to Plaintiffs, and to continue submitting such reports while this action is pending.

B. That judgment be entered in favor of Plaintiffs and against Defendant for all unpaid contributions, interest on the unpaid contributions, liquidated damages, and Plaintiffs' reasonable attorneys' fees and costs of action, as specified herein or as subsequently determined, all as provided for in the plans and in ERISA.

C. That Defendant be permanently enjoined to perform specifically its obligations to Plaintiffs, and in particular to continue submitting the required reports and contributions due thereon to Plaintiffs in a timely fashion as required by the plans and by ERISA.

D. That Plaintiffs have such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

_____
One of the Attorneys for the Plaintiffs

Names and Address of Attorneys for the Plaintiffs:

Catherine M. Chapman
Stephen J. Rosenblat
Scott D. Pfeiffer
Beverly P. Alfon
Karl E. Masters
Patrick N. Ryan
BAUM SIGMAN AUERBACH
  NEUMAN & KATSAROS, LTD.
200 W. Adams Street, Suite 2200
Chicago, IL  60606
312/236-4316
I:\R11J\W.R. Kelso\complaint 07-02-03.sjr.df.wpd

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ROOFERS' UNIONS WELFARE TRUST FUND, et al.

## DEFENDANTS
W. R. KELSO CO., INC., an Indiana corporation

03C 4641

JUDGE ASPEN

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Cook
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Baum Sigman Auerbach Neuman & Katsaros, Ltd.
200 W. Adams Street, Suite 2200
Chicago, IL 60606-5231
(312) 236-4316

ATTORNEYS (IF KNOWN)
MAGISTRATE SIDNEY I. SCHENKIER

DOCKETED JUL 07 2003

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- [X] 3 Federal Question (U.S. Government Not a Party)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- [X] 1 Original Proceeding

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)
[X] 791 Empl. Ret. Inc. Security Act

## VI. CAUSE OF ACTION
29 U.S.C. §§1132, 1145; An action to recover delinquent fringe benefit contributions

## VII. REQUESTED IN COMPLAINT
JURY DEMAND: [X] NO

## VIII.
This case [X] is not a refiling of a previously dismissed action.

DATE: 7/2/03

UNITED STATES DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

In the Matter of

ROOFERS' UNIONS WELFARE TRUST FUND, et al.

vs.

W. R. KELSO CO., INC., an Indiana corporation

**DOCKETED JUL 0 7 2003**

Case Number: **03C 4641**

JUDGE: **JUDGE ASPEN**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

ROOFERS' UNIONS WELFARE TRUST FUND, et al., Plaintiffs herein

MAGISTRATE SIDNEY I. SCHENKIER

| (A) | (B) |
|---|---|
| SIGNATURE: [signed] | SIGNATURE: [signed] |
| NAME: Catherine M. Chapman | NAME: Stephen F. Rosenblat |
| FIRM: BAUM SIGMAN AUERBACH NEUMAN & KATSAROS | FIRM: Same As (A) |
| STREET ADDRESS: 200 W. Adams Street, Suite 2200 | STREET ADDRESS: |
| CITY/STATE/ZIP: Chicago, IL 60606 | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: (312) 236-4316 | TELEPHONE NUMBER: |
| IDENTIFICATION NUMBER: 6204026 | IDENTIFICATION NUMBER: 6204044 |
| MEMBER OF TRIAL BAR? YES ☒ NO ☐ | MEMBER OF TRIAL BAR? YES ☒ NO ☐ |
| TRIAL ATTORNEY? YES ☒ NO ☐ | TRIAL ATTORNEY? YES ☒ NO ☐ |
|  | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☒ |

| (C) | (D) |
|---|---|
| SIGNATURE: [signed] | SIGNATURE: [signed] |
| NAME: Scott D. Pfeiffer | NAME: Beverly P. Alfon |
| FIRM: Same As (A) | FIRM: Same As (A) |
| STREET ADDRESS: | STREET ADDRESS: |
| CITY/STATE/ZIP: | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: | TELEPHONE NUMBER: |
| IDENTIFICATION NUMBER: 6272869 | IDENTIFICATION NUMBER: 6274459 |
| MEMBER OF TRIAL BAR? YES ☒ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☒ |
| TRIAL ATTORNEY? YES ☐ NO ☒ | TRIAL ATTORNEY? YES ☐ NO ☒ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☒ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☒ |

1-3

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

In the Matter of

ROOFERS' UNIONS WELFARE TRUST FUND, *et al.*

vs.

W. R. KELSO CO., INC., an Indiana corporation

Case Number: **03C 4641**

JUDGE: **JUDGE ASPEN**

MAGISTRATE SIDNEY I. SCHENKIER

DOCKETED JUL 0 7 2003

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

ROOFERS' UNIONS WELFARE TRUST FUND, *et al.*, Plaintiffs herein

| (E) | (F) |
|---|---|
| SIGNATURE: [signed] | SIGNATURE: [signed] Patrick Ryan |
| NAME: Karl E. Masters | NAME: Patrick N. Ryan |
| FIRM: BAUM SIGMAN AUERBACH NEUMAN & KATSAROS | FIRM: Same As (E) |
| STREET ADDRESS: 200 West Adams Street, Suite 2200 | STREET ADDRESS: |
| CITY/STATE/ZIP: Chicago, IL 60606 | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: (312) 236-4316 | TELEPHONE NUMBER: |
| IDENTIFICATION NUMBER: 6277980 | IDENTIFICATION NUMBER: |
| MEMBER OF TRIAL BAR? NO ☒ | MEMBER OF TRIAL BAR? NO ☒ |
| TRIAL ATTORNEY? NO ☒ | TRIAL ATTORNEY? NO ☒ |
| | DESIGNATED AS LOCAL COUNSEL? NO ☒ |

| | |
|---|---|
| SIGNATURE: | SIGNATURE: |
| NAME: | NAME: |
| FIRM: | FIRM: |
| STREET ADDRESS: | STREET ADDRESS: |
| CITY/STATE/ZIP: | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: | TELEPHONE NUMBER: |
| IDENTIFICATION NUMBER: | IDENTIFICATION NUMBER: |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

1-4