IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROOFERS' LOCAL 11 WELFARE TRUST )
FUND, *et al.*, )
            Plaintiffs, ) CIVIL ACTION
             )
   v. ) NO. 03 C 4641
             )
W.R. KELSO COMPANY, INC., a corporation, ) JUDGE MARVIN E. ASPEN
             )
            Defendant. )
             )
   and )
             )
GILBANE BUILDING COMPANY, a/k/a )
GILANE, INC., )
             )
            Garnishee- )
            Defendant. )

## NOTICE OF MOTION

TO:    Mr. Brad A. Gordon            Patrick C. Badell
        General Counsel              Badell & Wilson
        Gilbane Building Company    110 Perkins Street
        7 Jackson Walkway          P.O. Box 337
        Providence, RI 02903         Rushville, IN 46173-0337

YOU ARE HEREBY NOTIFIED that on Tuesday, the 6th day of April 2004, at 10:30 a.m., or as soon thereafter as counsel can be heard, we shall appear before the Honorable Marvin E. Aspen, Judge of the United States District Court for the Northern District of Illinois, Eastern Division, in Courtroom 2568, 219 South Dearborn Street, Chicago, IL, and then and there present Plaintiffs' Motion for Turn-Over Order Against Garnishee Defendant. A copy of said motion is hereby served upon you.

                                                     By: _____
                                                         Attorney for the Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned, an attorney of record, hereby certifies that she caused a copy of the foregoing document (Notice of Motion), Motion for Turn-Over Order Against Garnishee Defendant and Turn-Over Order to be served upon:

| | |
|---|---|
| Mr. Brad A. Gordon | Patrick C. Badell |
| General Counsel | Badell & Wilson |
| Gilbane Building Company | 110 Perkins Street |
| 7 Jackson Walkway | P.O. Box 337 |
| Providence, RI 02903 | Rushville, IN 46173-0337 |

by mail on or before the hour of 5:00 p.m. this 29th day of March 2004.

_____
Attorney for the Plaintiffs

Name and Address of Attorney for the Plaintiffs:

Beverly P. Alfon
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL 60606
(312) 236-4316
I:\RIIJ\W. R. Kelso\motion for turn-over order 03-29-04.bpa.wpd

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROOFERS' LOCAL 11 WELFARE TRUST )
FUND, *et al.*, )
) 
Plaintiffs, ) CIVIL ACTION
)
v. ) NO. 03 C 4641
)
W.R. KELSO COMPANY, INC., a corporation, ) JUDGE MARVIN E. ASPEN
)
Defendant. )
)
and )
)
GILBANE BUILDING COMPANY, a/k/a )
GILANE, INC., )
)
Garnishee- )
Defendant. )

**MOTION FOR TURN-OVER ORDER
AGAINST GARNISHEE DEFENDANT**

NOW COME Plaintiffs, by their attorneys, and move for the entry of a turn-over order against GILBANE BUILDING COMPANY ("Gilbane"), Garnishee Defendant, in the amount of $35,118.98. In support of this Motion, Plaintiffs state as follows:

1. Rule 69(a) of the Federal Rules of Civil Procedure provides that "[t]he procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought..." Accordingly, the Illinois Rules of Civil Procedure govern the post-judgment proceedings of this matter.

2. With regard to post-judgment garnishment, Illinois Rule of Civil Procedure, 735 ILCS 5/12-707(a), provides, in relevant part:

> . . .[T]o the extent of the amount due upon the judgment and costs, the garnishee shall hold, subject to the order of the court any non-exempt indebtedness, or other non-exempt property in his or her possession, custody or control belonging to the judgment debtor or in which the judgment debtor has an interest. The judgment or balance due thereon becomes a lien on the indebtedness and other property to be held by the garnishee at the time of the service of the garnishment summons and remain a lien thereon pending the garnishment proceeding.

3. On December 16, 2003, this Court entered judgment against W.R. Kelso Company, Inc. ("W.R. Kelso") for delinquent contributions, liquidated damages, and attorneys' fees, in the amount of $35,118.98 (a copy of the Minute Order is attached hereto as "Exhibit 1").

4. On January 20, 2004, Plaintiffs caused a non-wage garnishment summons and interrogatories to be served on Gilbane (a copy of the Garnishment Summons, Affidavit of Service and Certificate of Mailing is attached hereto as "Exhibit 2").

5. On or about January 27, 2004, Gilbane answered that it had $181,076.51 belonging to W.R. Kelso (a copy of Garnishee-Defendant's Answers to Interrogatories are attached hereto as "Exhibit 3"). Gilbane further answered that it was indebted to W.R. Kelso for the same amount.

6. Gilbane attempts to withhold the admitted amounts due to W.R. Kelso by stating that such amounts are "subject to potential claims." Nonetheless, Gilbane admits that as of the date of the garnishment, it owed $181,076.51 to W.R. Kelso. Therefore, the issue of whether or not Gilbane *may* have a subsequent breach of contract claim against W.R. Kelso is irrelevant to the *existing* judgment that this Court entered against W.R. Kelso for delinquent benefit contributions.

7. "The effect of a garnishment is to subrogate the judgment creditor to whatever rights the judgment debtor may have against the garnishee." Mercheschi v. P.I. Corporation, 84 Ill. App.3d 873, 405 (Ill. App. 1980). It is clear from Gilbane's responses to the non-wage garnishment interrogatories that W.R. Kelso entered into an subcontracting agreement with Gilbane for a

2

specified amount of compensation. Gilbane admits in its answers that it is indebted to W.R. Kelso for a "contract payment." Based on that subcontract, W.R. Kelso has a right to seek compensation for its services from Gilbane. Accordingly, the Plaintiffs have a right to seek from Gilbane those amounts due to W.R. Kelso.

8. Indeed, "[t]he purpose of [garnishment] is to make assets belonging to a judgment debtor available for the satisfaction of an underlying judgment." Mercheschi, 84 Ill. App.3d 873. Gilbane's hypothetical breach of contract claims do not remove Gilbane's current indebtedness to W.R. Kelso. Gilbane seeks to save itself from commencing litigation against W.R. Kelso for possible contract claims by withholding money from W.R. Kelso at its own discretion – despite its admission that it is indebted to W.R. Kelso. If the Court accepts Gilbane's purported qualifications, the Court will allow Gilbane to render its judgment ineffective against W.R. Kelso.

9. Illinois Rule of Civil Procedure, 735 ILCS 5/12-708, provides that the garnishee is "entitled to assert against the indebtedness due to the judgment debtor offsetting claims against either or both the judgment creditor and the judgment creditor, whether due at the time of service of the garnishment summons or thereafter to become due . . ." Gilbane does not assert that W.R. Kelso has an existing indebtedness to Gilbane. Gilbane only asserts a potential for claims against W.R. Kelso. Therefore, Gilbane has no basis for its setoff claim.

10. Finally, even if Gilbane was able to maintain a setoff claim against the amounts that it owes to W.R. Kelso, Gilbane has not asserted that such claim would surpass $181.076.51. Accordingly, W.R. Kelso remains entitled to garnish those funds that Gilbane does not dispute were due as of the date of service of the non-wage garnisment summons and interrogatories.

11. There remains $35,118.98 due and owing on the judgment that this Court entered on December 16, 2003.

WHEREFORE, Plaintiffs pray that this Court enter a turn-over order against Garnishee Defendant GILBANE BUILDING COMPANY, in the amount of $35,118.98.

ROOFERS' LOCAL 11 WELFARE
TRUST FUND, *et al.*

By: /s/ Beverly P. Alfon
Attorney for the Plaintiffs

Name and Address of Attorney for the Plaintiffs:

Beverly P. Alfon
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL 60606
(312) 236-4316
I:\R11J\W. R. Kelso\motion for turn-over order 03-29-04.bpa.wpd

# SEE CASE FILE FOR EXHIBITS